## Case No. 11,407.

### PREVOST v. GRATZ.

[3 Wash. C. C. 434.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1818.

EQUITY—VARIANCE BETWEEN ARGUMENT AND BILL —COMMISSIONS TO TRUSTEES.

1. In equity.—If the bill alleges a particular fact, the plaintiff cannot, in argument, urge that the fact is otherwise. He is bound by his admission; unless, before the hearing, he obtains leave to amend.

2. Under the equity of the act of assembly of Pennsylvania, which allows commissions to executors, trustees are entitled to claim them. Quere, if trustees are so entitled, by the general rules of courts of chancery.

[Cited in Muscogee Lumber Co. v. Hyer, 18 Fla. 698.]

[This was a bill in equity by George W. Prevost against Simon Gratz, Joseph Gratz, and Jacob Gratz, for a discovery and account of all the estate of G. Croghan.]

WASHINGTON, Circuit Justice. This case comes before the court, upon exceptions to the auditor's report, made in pursuance of the decrees of the 14th of October, and the 12th of November, 1816.

The first exception is taken by the complainant, to so much of the report, as debits him with the sum of £484, and interest from the 30th of April, 1775; being the purchase money for 10,000 acres of land on Raccoon creek, improperly credited to George Croghan, as it is alleged by the defendants, in the account set-

1 [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

tled between the said Croghan, and Barnard and Michael Gratz, on the said 30th of April, 1775.

The defendants endeavour to maintain the correctness of this debit, upon the ground, that the deed made by George Croghan to Barnard Gratz, of the above tract of land, bearing date the 10th of July, 1772, though absolute in form, was, in its origin, intended to be in trust for the said Barnard Gratz, to sell the same for the benefit of the creditors of the grantor; or, if not so, that it was converted into a trust, either by a subsequent agreement between the parties to it, or by the tacit acquiescence of Major Prevost, the husband of the only daughter, and residuary devisee of George Croghan; and also of the complainant, in the declarations of that fact, stated in the list of George Croghan's papers, taken by Marache and two others, on the 25th of September, 1782, in which this deed is styled a "deed in trust"; and, in the subsequent deed of Barnard Gratz, containing a more solemn declaration of the trust, bearing date the 12th of November, 1800. After the most mature examination of this subject, we are compelled to pronounce our dissent from these positions; but, as we shall decide the point, upon entirely different grounds, it will be unnecessary to be more particular in stating our reasons for this opinion.

The bill contains an acknowledgment of the fact, that this deed, though absolute in form, was in reality intended to be a deed in trust; which the answer admits. The allegations of the bill are, that George Croghan made to Barnard and Michael Gratz, or to one of them, various absolute deeds of his lands lying in Pennsylvania and New-York, to enable him to sell the same for the use of his creditors, or of himself; and amongst other exhibits, made parts of the bill, a reference is made to a declaration of trust, dated the 2d of June, 1775, made by George Croghan and Barnard Gratz, in relation to two other tracts of land, and also to the before-mentioned declaration of trust, of the 12th of November, 1800, relative to the tract in controversy; "in which," the bill states, "the trust aforesaid is in part acknowledged." It also refers to the list of papers taken on the 25th of September, 1782, as an exhibit to show which were the title papers of George Croghan, which came to the possession of Barnard and Michael Gratz; and the fifth interrogatory asks, if George Croghan did not make conveyances of lands to Barnard and Michael Gratz, which were absolute upon their faces; but which were in fact, trusts as before mentioned? Now let the fact of the trust be how it may,—the plaintiff having in his bill alleged, that this was in reality a deed in trust, it is not competent to him, to deny it in argument, or to disprove it by evidence; because, by such a mode of proceeding, he would deprive the defendant of the opportunity, by his answer and proofs, to show that the deed was, in reality, such as the bill admits it to be. The allegations and

proofs must agree;—neither the plaintiff, nor defendant, can allege one thing, and prove the contrary. If an allegation has been made by mistake, it can only be rectified before the hearing, by a motion to amend.

This being the situation of the complainant's case, in reference to this point, the next question is, are the defendants entitled to claim the amount of the consideration, stated to have been paid for this land, as a credit against the sum for which they are liable, under the decree? The decree in substance is, that the representatives of Michael Gratz, shall account for and pay to the complainant, the profit made by their intestate, by the sale of the tract of land called "Tenedera," or "Unadilla," over and above the sum for which George Croghan was credited, in the account of the 30th of March, 1775, with interest, &c.; making all just allowances for commissions due to Michael Gratz, or for advances made by him or by the defendants, on account of the estate of George Croghan; and allowing generally, all just credits to which the defendants were entitled. The purchase money for this land, was credited by George Croghan, in that account, as so much paid to him by Barnard and Michael Gratz; and it must therefore be considered as advanced by Barnard and Michael Gratz, for Barnard Gratz, which, it is to be presumed, he has accounted for; and if not, his estate is answerable for the amount. If, therefore, the estate of George Croghan be bound to repay that sum to any person, it can only be to the legal representatives of Barnard Gratz. But they are no parties to this suit;—they can receive neither benefit nor injury, by any decree which the court can now make. We must, therefore, allow this exception.

The next exception taken by the complainant to the report, is to the refusal of the auditor to allow to the complainant a credit for £198. 2s., received by Barnard Gratz, on account, as it is alleged, of George Croghan; and because he has allowed the defendants a credit for the balance due by George Croghan, to Barnard and Michael Gratz, according to the account of the 9th of November, 1781, without deducting the amount so received by the said Barnard Gratz. There is certainly some obscurity in relation to the transaction to which this exception applies; but as the circumstances relied upon by the complainant, to show that the note of R. L. Hooper was placed in the hands of Barnard Gratz by George Croghan, to enable him to collect the same for his use, are very slight and unsatisfactory; and the endorsement of the note in blank, is prima facie evidence of a transfer of it to Barnard Gratz, for value received at the time; or possibly, it might have been in satisfaction of money due from George Croghan to Barnard Gratz;—we cannot consent, after a lapse of so many years, to allow this sum to be offset against the balance of account, due by George Croghan to Barnard and Michael Gratz; particularly, as there is not the

slightest evidence, to prove that this was a partnership transaction, or that Michael Gratz had any thing to do with it. This exception, therefore, is to be overruled.

The complainant's third exception is to the allowance of too large a credit to the defendants, for agency, commissions, &c., in relation to the land, for the sale of which the defendants were required by the decree to account. Without intending to meddle with the question, whether a trustee is entitled to commissions upon the general principles which prevail in courts of equity, we think he is so in this state, under the equity of the act of assembly; which allows them to executors, &c.; and such, we understand, has been the practice. Indeed, this point appears to be decided by the decree, which directs all just allowances to be made for commissions due to, and advances made by, Michael Gratz, on account of the estate of George Croghan. It must be acknowledged, that the rate which the commissions allowed by the auditor, bears to the sum for which the land was sold, appears to be considerable. But, as we have not the evidence before us of which the auditor had the benefit, and must therefore either confirm his report in relation to this subject, or set it aside altogether, and refer it again to him, we shall embrace the former branch of the alternative, and overrule this exception.

The above reasons apply with increased weight to the complainant's fourth exception, to the allowance made by the auditor to the defendants, for certain advances made by Barnard and Michael Gratz; which exception is of course disallowed.

The defendants' first exception, is to the manner in which the auditor has charged the interest on the two sums of £484 and £747. 12s. 6d.; the former being the consideration for the 10,000 acres of land, on Raccoon creek; and the other for the Unadilla land. The £484 being discarded from the account altogether, by the opinion before given upon the complainant's first exception, there can, of course, exist no question as to the interest on that sum. As to interest on the other sum, the court approves of the mode adopted by the auditor, of charging interest upon the principal sum, from August, 1774, to the 5th of March, 1795, so as to avoid the giving to the defendants the benefit of compound interest, as claimed by them. This manner of stating the account is in strict conformity with the intention, as well as with the letter, of the decree, which directs, that the defendants shall account for the profit made by Michael Gratz, by the sale of this tract of land, over and above the sum for which George Croghan was credited, in the account settled on the 30th March, 1775. All that was to be done, then, was to take this sum from that account and to credit it with legal interest, in the account directed by the decree, without further attention to the subsequent accounts, which the parties had settled.

The second exception taken by the defend-

ants, is to the disallowance of a credit of £180 specie, in April, 1779, with interest from that time, as claimed by the defendants, being the amount credited by Barnard and Michael Gratz to George Croghan, in the account settled on the ——— as the consideration of 18,580 acres of land, conveyed by George Croghan to Michael Gratz, with a general warranty.

The ground of this exception, is an alleged defect in the title of George Croghan to this land, which appears to be in the possession of adverse claimants; and for the recovery of which, ejectments have been brought, and are now depending. As this alleged defect of title is altogether without proof, and it does not appear that Michael Gratz, or those claiming under him, have been evicted by title paramount; this court, sitting as a court of equity, can afford the defendants no relief, either by decreeing a repayment of the purchase money, or by withholding from the complainant a sum equivalent thereto, until the title at law has been decided. It is a question purely of common law jurisdiction; and to that tribunal we must refer the defendants, should the covenant of warranty be violated.—This exception, therefore, cannot be sustained.

The third exception of the defendants, being embraced in one of the complainant's exceptions, and already decided, is of course overruled.

[On appeal to the supreme court, the decree of the circuit court was reversed. 6 Wheat. (19 U. S.) 481.]